LENASA REALTY CORPORATION, Plaintiff, *v.* LIBERTY PUBLIC MARKET, INC., Defendant.

Supreme Court, Queens County, March 7, 1930.

*Samuel Rubin,* for the plaintiff.

*Canner & Jacobson* [*Isidore Canner* of counsel], for the defendant.

DUNNE, J. The issue here involved is as to a use of the name "Liberty Public Market, Inc.," by the defendant. It is alleged that a certain building was erected especially for the purposes of a public market by plaintiff's predecessor in title. Upon its completion concessions were rented to various tenants, several of whom have formed a corporation which is now named as defendant. It is further alleged by the plaintiff that the leases recited that the space in such market was let in premises "known as the Liberty Public Market at No. 117–03 Liberty avenue." A copy of one of the leases in question sustains this contention. Defendant, on the other hand, disputes the fact and claims that the name "Liberty Public Market" was conceived jointly by it as tenant, and at its request the market was so denominated. Subsequently a dispute arose between the landlord and some of the original tenants as to the renewal of the leases.

The merit of the dispute has no materiality upon the present application. The sole question before the court is as to the right to the use of the name in issue. Subsequently several of the

tenants removed to other premises in proximity and established themselves as the " Liberty Public Market, Inc." Plaintiff has moved here to enjoin the use of such name.

The original premises in question undoubtedly had become identified in the public mind as the Liberty Public Market. The tenants thereof were entitled to the collective benefit to be derived from the use of the name. It is not claimed that all the tenants moved to the new market, but even had such been the fact, I do not subscribe to the theory that the right to the use of the name would have followed. Each tenant individually carried on his business in the Liberty Public Market. Had one tenant alone moved from the *locus in quo*, he would have lost whatever collective advantage the name implied. The right to the name of the market upon his removal would have remained. That right could not be lost if more than one or even if all had vacated or been ousted from possession. Each tenant was located in the market only in an individual capacity and his removal would not affect the right to the retention of the name in the proprietor. Nor is the right to the retention diminished or defeated by a collective removal of the individual tenants.

Application granted. The amount of bond to be fixed in the order, which will be settled on notice.